SHAWN P. RYAN, OSB #901137
Gus Solomon Courthouse
620 SW Main Street, Suite 612
Portland, Oregon 97205
(503) 417-0477

Attorney for Richard A. Kreitzberg


Chenoweth Law Group, P.C.
Brian D. Chenoweth, OSB #944991
Sandra S. Gustitus, OSB #143298
510 S.W. 5th Ave., Fifth Floor
Portland, OR 97204
(503) 221-7958

Attorneys for Richard A. Kreitzberg

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 16-30477-rld11 |
| Data Systems, Inc., | MOTION FOR RELIEF FROM STAY (KREITZBERG CIRCUIT COURT) |
| Debtor. | |

Prefiling Conference Certification: Pursuant to Local Bankruptcy Rule 7007-1(a), the undersigned counsel hereby certifies that a good faith effort was made to resolve the dispute through telephone conferences and emails with Debtor's counsel, which efforts included a telephone conference on February 22, 2016 and email exchanges on February 22, 23, and March 7, 2016, and which did not result in resolution of the issues.

MOTION

Pursuant to 11 U.S.C. Section 362(d)(1), Richard A. Kreitzberg ("Kreitzberg") requests that the automatic stay be terminated or modified as to the derivative lawsuit filed

MOTION FOR RELIEF FROM STAY
(KREITZBERG CIRCUIT COURT)
Page 1

LAW OFFICE OF SHAWN P. RYAN
GUS SOLOMON COURTHOUSE
620 SW MAIN STREET, SUITE 612
PORTLAND, OR 97205
(503) 417-0477 FAX (503) 417-0475

Case 16-30477-rld11    Doc 48    Filed 03/25/16

by Kreitzberg on behalf of Debtor in Multnomah County Circuit Court, case number 15CV07240 ("Corporate Breach and Removal Lawsuit") for the purposes listed below.

INTRODUCTION

Kreitzberg's *Motion to Dismiss, and, In the Alternative, to Appoint Trustee*, asks this Court to dismiss the bankruptcy or in the alternative to appoint a trustee, because the bankruptcy was filed in bad faith, without authority, and because Debtor is being grossly mismanaged. Debtor filed for bankruptcy after eleven months of litigation in the Corporate Breach and Removal Lawsuit related to the ongoing mismanagement of Debtor by two directors, William Holdner ("Holdner") and Jane Baum ("Baum"). Holdner and Baum also serve as Debtor's president and secretary, respectively. Kreitzberg's derivative lawsuit alleged serious mismanagement and self-dealing by Holdner and Baum.

The court in the Corporate Breach and Removal Lawsuit held a five-hour hearing and was hours away from issuing its ruling on a preliminary injunction to remove Holdner and Baum as directors when Debtor filed for bankruptcy. Kreitzberg's motion to dismiss the bankruptcy concerns the same subject matter and allegations as his motion for preliminary injunction in the Corporate Breach and Removal Lawsuit. Therefore, Kreitzberg seeks relief from the automatic stay to allow this Court and the parties to benefit from the previous hearing on these issues, and to prevent the unnecessary waste of additional resources and cost to Kreitzberg and Debtor to duplicate the state court hearing. Allowing the state court to issue findings from the preliminary injunction hearing would either answer the issues presented in Kreitzberg's motion to dismiss, or narrow the issues this Court has to decide. The state court could issue findings as to:

1. whether Holdner and Baum have engaged in self-dealing;

2. whether Holdner and Baum are mismanaging Debtor;

(KREITZBERG CIRCUIT COURT)
Page 2

**LAW OFFICE OF SHAWN P. RYAN**
GUS SOLOMON COURTHOUSE
620 SW MAIN STREET, SUITE 612
PORTLAND, OR 97205
(503) 417-0477 FAX (503) 417-0475

Case 16-30477-rld11    Doc 48    Filed 03/25/16

3. whether Holdner and Baum have authority as a board to decide conflict of interest transactions, such as filing for bankruptcy; and

4. whether Holdner and Baum should be able to continue managing Debtor.

This Court could use those findings to determine its ruling on Kreitzberg's motion to dismiss. Holdner and Baum should not be allowed to force Kreitzberg to duplicate his efforts and resources to hold another hearing, and should not be allowed to force Debtor, which they placed in bankruptcy, to spend its limited resources to defend the motion.

## FACTS

Kreitzberg filed the Corporate Breach and Removal Lawsuit on behalf of DSI in March, 2015. At the time he filed the lawsuit, Kreitzberg owned roughly 37% of Debtor's outstanding shares. In order to file the derivative lawsuit, Kreitzberg had to allege either that he presented the cause of action to Debtor's board of directors who refused to bring the claim, or that the request would be futile. Because Holdner and Baum are both officers and directors, Kreitzberg alleged that it would be futile to ask them to bring the claim against themselves for decades of mismanagement. Therefore, Kreitzberg brought the lawsuit on behalf of Debtor and the other shareholders to stop Holdner and Baum's ongoing breach of fiduciary duties; prevent them from causing additional harm to Debtor, including liquidating the company without authorization; and recover damages from Holdner and Baum.

Kreitzberg initiated the lawsuit after he learned Holdner had signed a purchase and sale agreement for Debtor's main asset, a 25,000 square foot building in Portland's close-in eastside business district. Holdner did not have authority from the shareholders to enter into this contract or to liquidate the company. The sale of the building was the first step in his plan to liquidate. After Kreitzberg filed the derivative suit, Holdner and Baum

MOTION FOR RELIEF FROM STAY
(KREITZBERG CIRCUIT COURT)
Page 3

LAW OFFICE OF SHAWN P. RYAN
GUS SOLOMON COURTHOUSE
620 SW MAIN STREET, SUITE 612
PORTLAND, OR 97205
(503) 417-0477   FAX (503) 417-0475

Case 16-30477-rld11   Doc 48   Filed 03/25/16

attempted to retroactively gain authority for the sale and liquidation. They did not receive authority from the shareholders.

The court in the Corporate Breach and Removal Lawsuit entered a preliminary injunction to prevent the sale of any of Debtor's property without following corporate procedure, including electing a new board of directors, and obtaining approval from the court that Debtor had followed the necessary steps. With the protection in place over Debtor's property, Kreitzberg spent significant resources to continue litigating the Corporate Breach and Removal Lawsuit.

In December, 2015, Kreitzberg sought a preliminary injunction to remove Holdner and Baum as directors, which would prevent them from taking action, under apparent authority, that would cause additional harm to Debtor. On January 29 and February 5, 2016, the Circuit Court held an evidentiary hearing on the preliminary injunction to remove Holdner and Baum, which together lasted approximately five hours. Kreitzberg spent a great deal of resources conducting discovery and preparing facts, evidence, and argument for the motion for preliminary injunction and the related hearing. Kreitzberg spent those resources on behalf of Debtor's roughly 300 shareholders to hold Holdner and Baum accountable for the harm their mismanagement caused Debtor, and to prevent ongoing irreparable harm, such as filing for bankruptcy without authorization and without good faith cause to make an end run around the Circuit Court's prior preliminary injunction prescribing what must happen before Debtor's main asset could be sold.

Kreitzberg presented three witnesses to testify to Holdner and Baum's mismanagement, breaches of fiduciary duties, and self-dealing. Judge Greenlick stated he was "pretty ready to make a finding [Holdner and Baum] have been acting in a – in a conflict manner for quite some time making decisions about this company." Gustitus Feb.

MOTION FOR RELIEF FROM STAY
(KREITZBERG CIRCUIT COURT)
Page 4

**LAW OFFICE OF SHAWN P. RYAN**
GUS SOLOMON COURTHOUSE
620 SW MAIN STREET, SUITE 612
PORTLAND, OR 97205
(503) 417-0477   FAX (503) 417-0475

Case 16-30477-rld11    Doc 48    Filed 03/25/16

23 Decl. ¶ 13, Ex. K (Feb. 5 Hearing Trans.) at 127:22–128:11 [Doc. 30]. He then explained that if he were going to deny the preliminary injunction he would do so in writing, but that if he were going to grant the motion, he would need the parties present to work through the details of the injunction. *Id*. at 143:13–17. He then asked his judicial assistant to get something on the docket and said that if it needed to be cancelled, they would cancel it and let the parties know beforehand. *Id.* at 143:18–24. At 10 a.m. on February 11 the hearing had not been cancelled, and right before walking to the courtroom Kreitzberg's counsel received notice that Debtor had filed a petition for bankruptcy, creating an automatic stay of the Corporate Breach and Removal Lawsuit.

Holdner and Baum filed for bankruptcy in bad faith to prevent the court from ruling on the preliminary injunction and removing them as directors, stripping them of their authority to cause additional harm to Debtor.

ARGUMENT

Holdner and Baum should not be able to force Debtor and Kreitzberg to spend additional funds to duplicate the efforts in state court and avoid the findings from the preliminary injunction hearing. The relief sought in this motion would prevent the parties from duplicating those efforts and expending additional resources to have the same evidentiary hearing in this Court. Debtor's Objection to Motion to Dismiss [Doc. 30] states that one reason the bankruptcy was necessary was because Debtor "has become mired in state court litigation." Objection to Motion to Dismiss, p. 6. If that is the case, it would benefit Debtor to have relief from the stay for the ruling from the state court, so Debtor can also avoid duplicating its expenses to hold another hearing.

In addition, the motion for preliminary injunction was against Holdner and Baum, not against Debtor. Although Debtor is required to maintain a neutral position in the

MOTION FOR RELIEF FROM STAY
(KREITZBERG CIRCUIT COURT)
Page 5

LAW OFFICE OF SHAWN P. RYAN
GUS SOLOMON COURTHOUSE
620 SW MAIN STREET, SUITE 612
PORTLAND, OR 97205
(503) 417-0477   FAX (503) 417-0475

Case 16-30477-rld11    Doc 48    Filed 03/25/16

derivative lawsuit filed by Kreitzberg, and should only have accrued minimal fees to file an appearance in that lawsuit, Debtor admits it has unpaid attorney's fees.   It is in Debtor's interest to minimize additional fees.    The preliminary injunction and the Corporate Breach and Removal Lawsuit seek to remove Holdner and Baum from causing additional damages to Debtor.    Holdner and Baum, who currently direct Debtor's counsel, directed Debtor's counsel to file the bankruptcy strategically to prevent the ruling Judge Greenlick was ready to make, after fair process and a lengthy hearing.   They should not be allowed to avoid that ruling and force Kreitzberg and Debtor to expend duplicative resources to further their own interest in continuing to mismanage the company and force their personal agenda.

Kreitzberg has filed a Motion to Dismiss and, In the Alternative, to Appoint Trustee [Doc. 17] ("Motion to Dismiss") detailing the mismanagement of Debtor by Holdner and Baum.   In furtherance of the Motion to Dismiss, Kreitzberg requests relief from the automatic stay for the following purposes:

1. To allow the Circuit Court to enter its findings of fact and conclusions of law and to create the Circuit Court's remedy for Holdner and Baum's mismanagement, breach of fiduciary duties, and self-dealing, subject to review by this Court;

2. To allow the Circuit Court to prepare its findings of fact and conclusions of law for review by this Court; or

3. To allow the Circuit Court to answer questions certified by this Court in regards to the subject matter of the preliminary injunction and Holdner and Baum's mismanagement, breach of fiduciary duties, and self-dealing.

Allowing relief in some fashion for the Circuit Court to enter its findings of fact and conclusions of law or to prepare them for this Court, either on its own or in the form of answer to certified questions, all for preclusive effect, and for the purpose of utilizing the

MOTION FOR RELIEF FROM STAY
(KREITZBERG CIRCUIT COURT)

Page 6

Case 16-30477-rld11    Doc 48    Filed 03/25/16

LAW OFFICE OF SHAWN P. RYAN
GUS SOLOMON COURTHOUSE
620 SW MAIN STREET, SUITE 612
PORTLAND, OR   97205
(503) 417-0477   FAX (503) 417-0475

five hours of evidentiary hearings already held by the Circuit Court on these issues will not unfairly prejudice any party, will be an efficient use of judicial resources, and will avoid re-trying all or most of the issues already tried in the Corporate Breach and Removal Lawsuit.

CONCLUSION

Wherefore, Kreitzberg requests that the automatic stay be terminated or modified for cause and in one of the ways stated herein, or in such other way as the Court deems useful and necessary, for the purpose of avoiding a re-trial of the issues already litigated in the Corporate Breach and Removal Lawsuit.

Respectfully Submitted,

Law Office of Shawn P. Ryan

/s/ Shawn P. Ryan
Shawn P. Ryan, OSB #901137
Attorney for Richard A. Kreitzberg

Chenoweth Law Group, P.C.

/s/ Sandra S. Gustitus
Brian D. Chenoweth, OSB #944991
Sandra S. Gustitus, OSB #143298
Attorneys for Richard A. Kreitzberg

MOTION FOR RELIEF FROM STAY
(KREITZBERG CIRCUIT COURT)
Page 7

LAW OFFICE OF SHAWN P. RYAN
GUS SOLOMON COURTHOUSE
620 SW MAIN STREET, SUITE 612
PORTLAND, OR 97205
(503) 417-0477 FAX (503) 417-0475

Case 16-30477-rld11    Doc 48    Filed 03/25/16